GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (SBN 162684)
Assistant United States Attorney
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2433
    Facsimile: (213) 894-0142
    email: mark.childs@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 04-1454-R |
| Plaintiff, | ) GOVERNMENT'S SENTENCING POSITION |
| v. | ) |
| YANIV HAZIZA, | ) |
| Defendant. | ) |

**SUMMARY**

The government agrees with the United States Probation Office's Pretrial Sentencing Report ("PSR") that, as a technical matter, defendant's total offense level is 23 and criminal history category is I. (PSR at ¶¶ 21-34). The government agrees that the PSR's use of the 2003 Sentencing Guidelines is appropriate because of the ex-post facto issues in this case. (PSR at ¶ 22). The government recommends that defendant be

sentenced to 51 months imprisonment, the approximate mid-point of the sentencing range for criminal history category I and total offense level 23.  Such a sentence is consistent with defendant's plea agreement.[1]

The government believes that defendant has not satisfied the requirements of 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5), and therefore the safety valve does not apply. Defendant failed to "truthfully provide to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," and thereby failed to comply with 18 U.S.C. § 3553(f)(5), the information disclosure provision of the safety valve statute.  Specifically, defendant has never been interviewed by the government, has never revealed all information he has concerning his offense and has never mentioned the names of the coconspirators in the subject MDMA trafficking scheme.  In particular, defendant has never provided the names of the persons who supplied the MDMA.

Also, on advise of counsel, defendant refused to discuss his offense conduct with the probation officer.  (PSR at ¶ 20). Clearly, defendant has not provided the government all information he has about the subject MDMA transaction.

---

[1] Based on the 2009 Sentencing Guidelines, the plea agreement stipulated that defendant's total offense level was 24. (Plea Agreement at ¶ 15; PSR at ¶ 3).  In the Plea Agreement, the government agreed that if defendant was sentenced to a total offense level of 24 or above, the government would recommend the low-end of the sentencing guideline range. (Plea Agreement at ¶ 22(d) and PSR at ¶ 4(c)).  The low-end of the sentencing guideline range for total offense level 24 and criminal history category I is 51 months.

**BACKGROUND**

On September 23, 2009, defendant pled guilty to one count of conspiracy to import MDMA, in violation of 21 U.S.C. §§ 963 and 952(a).

During 2003, defendant agreed with co-conspirators, including Eliyahu Marciano, to import MDMA from Europe and elsewhere into the United States for distribution (the "Agreement").  Pursuant to the Agreement, in December 2003, defendant met in Antwerp, Belgium, with a courier, Tyreshia Baldwin, who, pursuant to the Agreement, had traveled to Antwerp from the United States to pick-up MDMA and send the MDMA back to the United States.  Thus, in December 2003, defendant knowingly and intentionally delivered MDMA to Tyreshia Baldwin in Antwerp, Belgium, that defendant knew was bound for shipment to the United States.  Pursuant to the Agreement, on or about December 19, 2003, approximately 8.5 kilograms of MDMA was received in the United States; and, on or about December 20, 2003, 9.2 kilograms of MDMA was received in the United States.  After the above MDMA was seized in the United States on December 19 and 20, 2003, the MDMA was tested and analyzed by a forensics laboratory, and determined to be 17.7 kilograms of MDMA.  (Plea Agreement at ¶ 9; PSR at ¶¶ 9-17 and declaration of DEA Special Agent Vijay Rathi, attached hereto as 1).

**GOVERNMENT'S POSITION**

In <u>United States v. Booker</u>, the Supreme Court held that sentences are subject to review for "reasonableness."  543 U.S. 220, 264 (2005).  The Ninth Circuit has noted that the "reasonableness" of a defendant's sentence is viewed "in light of

the sentencing factors in 18 U.S.C. § 3553(a), including the applicable [G]uideline range." <u>United States v. Cantrell</u>, 433 F.3d 1269, 1280 (9th Cir. 2006).

    A sentence of 51 months imprisonment is a reasonable sentence, considering the factors enumerated in Section 3553(a).

    Defendant's criminal conduct was serious.  Defendant was involved, along with other co-conspirators, in a conspiracy to import a large amount of MDMA into the United States.  Defendant delivered a large amount of MDMA to a courier, who subsequently transported the MDMA to the United States.  Also, around the time defendant delivered the MDMA to the courier in Europe, defendant received, at least, one telephone call from an MDMA supplier in the United States.  <u>See</u> paragraphs 12 to 14 of the declaration of DEA Special Agent Vijay Rathi, attached hereto as 1.

    Also, the health problems associated with the consumption of MDMA are well documented and include depression, drug craving, poor performance on memory tasks, and interference with the body's ability to regulate temperature.  <u>See</u> National Institute on Drug Abuse, National Institute of Health, U.S. Department of Health and Human Services publication, "NIDA InfoFacts MDMA (Ecstasy)" dated June 2009, attached as 2.

    A sentence of a 51 months will be a reminder to defendant that he needs to respect and follow the law.

**CONCLUSION**

Accordingly, the government respectfully requests that the Court sentence defendant as follows:

| | |
|---|---|
| Base Offense Level: | 30 |
| Acceptance of Responsibility: | -3 |
| Role Adjustment: | -4 |
| Adjusted Offense Level: | 23 |
| Criminal History Category: | I |
| Guideline Range: | 46 to 57 months |
| Supervised Release: | 3 Years |
| Special Assessment: | $100 |
| Sentence of Imprisonment: | **51 months** |

DATED: December 29, 2009

By_____/s/_____
   J. MARK CHILDS
   Assistant United States Attorney

   Attorneys for Plaintiff
   United States of America