SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(Sean_Kennedy@fd.org)
PEDRO V. CASTILLO (No. 159153)
Deputy Federal Public Defender
(Pedro_Castillo@fd.org)
321 East 2nd Street
Los Angeles, California  90012-4202
Telephone (213) 894-2980
Facsimile (213) 894-0081

Attorneys for Defendant
YANIV HAZIZA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | NO. CR 04-1454-R |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT'S POSITION RE: SENTENCING; EXHIBITS** |
| v. | ) | Hrg. Date:  January 11, 2010 |
| YANIV HAZIZA, | ) | Hrg. Time:  1:30 p.m. |
| Defendant. | ) | |

Defendant Yaniv Haziza, by and through his attorney of record, Deputy Federal Public Defender Pedro V. Castillo, hereby files his position paper regarding sentencing factors and attached exhibits for the Court's consideration prior to sentencing in this matter.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: January 4, 2010          By  /s/
                                PEDRO V. CASTILLO
                                Deputy Federal Public Defender

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION[1]

Yaniv Haziza is a thirty six year old man, who, prior to becoming involved in this conspiracy to import MDMA ("ecstasy"), had no criminal history. (PSR ¶ 42) He comes from a good family and served in the Israeli military. (PSR at ¶¶ 48-62, ¶¶ 73-74) Mr. Haziza has been in custody since May 10, 2007, when he was arrested in Israel. He was extradited to the United States and has been in continuous custody since his arrest in Israel. (PSR at ¶ 17) For these reasons, and for the reasons below, Mr. Haziza requests that the Court sentence him to a term of 37 months in custody, or in the alternative, 46 months in custody.

### II.

### DEFENDANT'S POSITION

**A.    LEGAL OBJECTIONS.**

    **1.    Offense Level Under Sentencing Guidelines Should be Level 23.**

The probation officer has correctly applied the guidelines in this case, utilizing the November 2003 guidelines, as the crime occurred on December 16, 2003. (PSR ¶ 22) As such, the total offense level (without the application of the safety valve adjustment, discussed below), should be 23. (PSR ¶ 34) However, Mr. Haziza entered into a plea agreement which anticipated a total offense level 24. (PSR at ¶ 4, ¶ 85) The Court is not bound by the plea agreement which Mr. Haziza executed, and should, to avoid *ex post facto* problems, resolve the guidelines in favor of Mr. Haziza. Should the Court do so, the sentencing guideline range would be 46 to 57 months, as computed in the Presentence Report. (PSR at ¶ 83) A sentence at the

/ /

---

[1] The facts as set forth here are derived from all of the files and records in this case, attached exhibits, and any other information provided to the Court. "PSR," as used here, shall refer to the Presentence Report prepared by the probation office at the noted paragraph number.

low end of the range, considering that Mr. Haziza pleaded guilty in a timely manner and has accepted responsibility, would be a sentence of 46 months.

## 2. Mr. Haziza Qualifies for 2 Level Reduction for "Safety Valve."

The fifth requirement of the "safety valve" provision of the sentencing guidelines requires a defendant to "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." See USSG ¶ 5C1.2(a)(5).   Here, Mr. Haziza pleaded guilty and his plea agreement set forth a factual basis for his involvement in the offense.  As such, he has met the fifth requirement of the safety valve.  Mr. Haziza was the last person prosecuted in the offense in which he was involved.  Eliyahu Marciano, the leader of the conspiracy, pleaded guilty and is awaiting sentencing.  (PSR ¶ 8)  Vince Edward Wilson was convicted by a jury after trial of drug and weapons charges and received a sentence of 352 months.  Tyreisha Baldwin pleaded guilty and received a sentence of time served, which amounted to about 20 months in custody.[2]  As all defendants involved in this case have pleaded guilty, there is no need for additional information to be provided by Mr. Haziza.  Further, the case, from the time when it first began to now, is more than six years.  As such, the Government has all of the information which it needs in this case, and Mr. Haziza cannot provide the Government with anything.  For this reason, the Court should find that he has met the fifth requirement of the safety valve.  If the Court so finds, the guidelines would be 37 to 46 months, and a sentence at the low end---37 months, is warranted.

---

[2] The facts regarding the cases of Mr. Marciano, Mr. Wilson, and Mr. Baldwin as well as the sentences they received, are based on defense counsel's review of documents pertaining to those cases.

B.   **SENTENCING AFTER BOOKER, GALL AND KIMBROUGH.**

   1.   **Pertinent Law.**

The Supreme Court has ruled that the mandatory nature of the Federal Sentencing Guidelines runs afoul of the Sixth Amendment. United States v. Booker, 125 S.Ct. 738 (2005). After Booker, the Sentencing Guidelines are "effectively advisory." Id. Courts are now required to consider the Guidelines along with the other statutory purposes of sentencing in arriving at the appropriate sentence. Id. These "statutory purposes" are enumerated in 18 U.S.C. §§ 3553(a), 3582(a), and 3661.

These applicable sentencing statutes provide that the court "shall impose a sentence sufficient, but not greater than necessary" to achieve the objectives of sentencing. 18 U.S.C. § 3553(a). In arriving at the appropriate sentence, § 3553(a) directs the court to consider: (1) the nature and circumstances of the offense, (2) the history and characteristics of the offender [3] (3) the need to impose a punishment that reflects the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, (4) to afford adequate deterrence, (5) to protect the public from further crimes, (6) to provide the defendant with needed education, vocational training, medical care or other correctional treatment, and (7) the kinds of sentences that are available. 18 U.S.C. § 3553(a)(1), (2).Further, by enacting § 3582, Congress explicitly recognized that imprisonment is "not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a). Finally, § 3661 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of the person . . . which a court . . . may consider

---

[3] Under the guidelines, courts are generally forbidden to consider the defendant's age, U.S.S.G. § 5H1.1, his education and vocational skills, § 5H1.2, his mental and emotional condition, § 5H1.3, his physical condition including drug or alcohol dependence, § 5H1.4, his employment record, § 5H1.5, his family ties and responsibilities, § 5H1.6, his socio-economic status, § 5H1.10, his civic and military contributions, § 5H1.11, and his lack of guidance as a youth, § 5H1.12. The guidelines' prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant. Id.

for the purpose of imposing and appropriate sentence." 18 U.S.C. § 3661. In sum, in every case, courts must now consider all of the statutory factors, not just the guidelines in arriving at the appropriate sentence. Further, by enacting § 3582, Congress explicitly recognized that imprisonment is "not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a). Finally, § 3661 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of the person . . . which a court . . . may consider for the purpose of imposing and appropriate sentence." 18 U.S.C. § 3661.

More recently, in <u>Gall v. United States</u>, and <u>Kimbrough v. United States</u>, 128 S. Ct. 586 (2007) – the Supreme Court has again recognized that a brave new world exists, one in which the sentencing guidelines are but one of several factors to be considered under § 3553(a). What the Supreme Court has described as the "overarching provision" in § 3553(a) is the requirement that courts "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." <u>Kimbrough</u>, 128 S. Ct. at 570.

**2.  Factors in This Case.**

Yaniv Haziza is a good man, one who made a mistake in becoming involved in a drug-trafficking conspiracy.[4] However, his actions, and the insight provided by those who know him, reveal a man who is, if not fully redeemed, redeemable.[5] Mr. Haziza has plans for the future, and hopes to be released from custody soon so that he can begin to turn those plans into reality.

/ /

/ /

/ /

/ /

---

[4] Attached as Exhibit "A" is a copy of a letter from Mr. Haziza to the Court.

[5] Attached as Exhibit "B" are copies of letters written by family members, friends, and supporters of Mr. Haziza. English translations and Hebrew originals are attached.

5

## III.
## CONCLUSION

For all of the foregoing reasons, Mr. Haziza respectfully requests that the Court sentence him to a term of 37 months in custody.  In the alternative Mr. Haziza requests a sentence of 46 months.

                                              Respectfully submitted,

                                              SEAN K. KENNEDY
                                              Federal Public Defender

DATED: January 4, 2010        By     /s/
                                              PEDRO V. CASTILLO
                                              Deputy Federal Public Defender

**PROOF OF SERVICE**

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is the Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4202; that I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, and at whose direction I served **DEFENDANT'S POSITION RE: SENTENCING; EXHIBITS**

On January 4, 2010, following ordinary business practice, service was:

| [X] Placed in a closed envelope, for collection and hand-delivery by our internal staff, addressed as follows: | [ ] By hand-delivery addressed as follows: | [ ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows: |
|---|---|---|

[ ] By facsimile as follows:

ROBERT KLEPA
United States Probation Officer
United States Courthouse
312 North Spring Street, 6th Floor
Los Angeles, CA  90012

This Proof of Service is executed at Los Angeles, California on January 4, 2010.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Dorothy Huizar*
Dorothy Huizar

7